IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JOEY L. CAMPBELL, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 3:08-CR-00014 (CAR) |
| VS. | : | NO. 3:10-CV-90088 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Petitioner Joey L. Campbell has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 45. Respondent alleges that Petitioner's motion is untimely filed according the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Doc. 52. Because Petitioner failed to file his Section 2255 motion within the one-year period of limitations and because Petitioner has failed to show adequate grounds for equitable tolling, it is **RECOMMENDED** that the motion be **DISMISSED**.

FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2008, a single-count indictment was returned in this Court against Petitioner Joey L. Campbell charging Petitioner with possession with the intent to distribute over five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and 18 U.S.C. § 2. Doc. 1. Petitioner entered into a plea agreement with the Government and pleaded guilty to the indictment as charged on November 3, 2008. Doc. 27. Based on the Presentence Investigation Report (PSR), Petitioner's sentencing guideline range was 188-235 months imprisonment. Doc. 50. At Petitioner's sentencing hearing on January 13, 2009, the Court accepted the PSR and sentenced Petitioner to 188 months imprisonment followed by five years

1

of supervised release. Id. On January 22, 2009, final judgment was entered against Petitioner. Doc. 33.

On February 5, 3009, Petitioner filed a Notice of Appeal. Doc. 35. On March 24, 2009, the Eleventh Circuit dismissed Petitioner's appeal. Doc. 39. On September 7, 2010, Petitioner filed a motion for extension of time to file a Section 2255 motion. Doc. 44. Three days later, on March 10, 2010, Petitioner filed the instant Section 2255 motion. Doc. 45.

## DISCUSSION

Respondent contends that Petitioner's Section 2255 motion should be dismissed as time-barred because Petitioner failed to submit his petition within one year of his conviction becoming final. Because Petitioner failed to file his Section 2255 motion within the one-year period of limitations and because Petitioner has failed to show adequate grounds for equitable tolling, Petitioner's Section 2255 motion must be dismissed.

A motion pursuant to Section 2255 must be filed within one year of "the date on which the judgment becomes final." 28 U.S.C. § 2255(f)(1).[1] When a petitioner does not appeal his conviction or sentence, the judgment becomes final when the time for seeking that review expires. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000); Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). When a petitioner unsuccessfully appeals his conviction or sentence and fails to timely petition for *certiorari* with the Supreme Court, the judgment becomes final following the expiration of the 90-day period for seeking *certiorari*. Close v. United States, 336 F.3d 1283, 1284-85 (11th Cir. 2003) (citing Clay v. United States, 537 U.S. 522, 525 (2003)). If a petitioner timely files a petition for *certiorari* with the Supreme Court, the judgment does not become final until the Supreme Court either denies the writ of

---

[1] The one-year limitation may be triggered by other events described in 28 U.S.C. § 2255(f); however, none of these grounds are applicable in this case.

*certiorari* or issues a decision on the merits. Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002).

In this case, Petitioner failed to file his Section 2255 motion within the one-year statutory requirement. The Eleventh Circuit dismissed Petitioner's appeal on March 24, 2009. Because Petitioner did not petition for *certiorari* with the Supreme Court, his conviction became final on June 22, 2009, the date that his time to petition for *certiorari* expired. Petitioner then had one year, or until June 22, 2010, to timely file his Section 2255 motion. Petitioner did not file his Section 2255 motion until September 10, 2010, almost three months after the period of limitations had run. Additionally, Petitioner's motion for extension of time to file his 2255 motion, which was filed three days earlier, was nearly three months out of time.

Petitioner has also failed to show that he is entitled to equitable tolling of the one-year period of limitations. The one-year limitation period may be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both out beyond his control and unavoidable even with diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted). Equitable tolling is therefore only available if the petitioner establishes (1) extraordinary circumstances and (2) due diligence. Outler v. United States, 485 F.3d 1273, 1281 (11th Cir. 2007). If petitioner's delay in filing results from a lack of due diligence, courts need not consider whether extraordinary circumstances exist. Id. Moreover, "[e]quitable tolling is an extraordinary remedy and is applied sparingly." Id. (citing Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2003).

Petitioner has failed to establish that he diligently pursued his post-conviction relief. In his motion for an extension of time to file his Section 2255 motion, Petitioner appears to contend that he failed to file a timely motion in this Court because he initially filed his motion in the

wrong court. Petitioner presents a letter from the Fifth Circuit dated November 17, 2009 regarding a Complaint of Attorney Misconduct, which informed Petitioner that complaints against his attorney regarding violations of the ABA Rules of Professional Conduct and violations of Rule 46 of the FEDERAL RULES OF APPELLATE PROCEDURE should be directed to the Eleventh Circuit. Generally, a petitioner's failure to file his motion in the correct court does not entitle him to equitable tolling. See Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (recognizing that petitioner's ignorance of the law was insufficient to justify equitable tolling). Equitable tolling, however, may be appropriate if a petitioner files his Section 2255 motion in the wrong court because he was misled by a court's instruction. See Outler, 485 F.3d at 1286-87.

In this case, the letter from the Fifth Circuit does not entitle Petitioner to equitable tolling. The letter refers only to Petitioner's request for disciplinary action against his attorney and has no mention of a Section 2255 motion. As such, the letter did not misinform Petitioner about the proper procedure to file his Section 2255 motion. Petitioner has not presented any evidence that he ever filed or attempted to file a Section 2255 motion in the Fifth Circuit or the Eleventh Circuit prior to his instant motion, and there is nothing on the court docket in Petitioner's case to indicate that he attempted to file a Section 2255 motion in the Eleventh Circuit.

Petitioner also appears to contend the he did not timely file his Section 2255 motion because his legal materials were not given to him when he transferred prisons in November 2009. Even if Petitioner was transferred without his legal materials, he still had more than six months to prepare a timely Section 2255 motion after his transfer. Petitioner has not presented any evidence that he diligently pursued his case during those six months. As such, Petitioner is not entitled to equitable tolling.

## CONCLUSION

Because Petitioner failed to timely file his Section 2255 motion, and because Petitioner has failed to establish that he is entitled to equitable tolling, **IT IS RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED**. In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (10) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 14th day of September, 2012.

s/ Charles H. Weigle_____<br>
Charles H. Weigle<br>
United States Magistrate Judge